UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AARON SCHULER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BATTELLE ENERGY ALLIANCE, LLC,<br><br>　　　　　Defendant. | Case No. 4:18-CV-00234-CWD<br><br>**MEMORANDUM DECISION AND ORDER (DKT 69)** |

## INTRODUCTION

Pending before the Court is Battelle Energy Alliance, LLC's Motion for Permission to Appeal, or, in the Alternative, Motion for Certification of Question to the Idaho Supreme Court. (Dkt. 69.) The motion has been fully briefed.

Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record without oral argument. For the reasons that follow, the Court will deny the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 14, 2017, Aaron Schuler, a long-haul semi-truck driver, employed by Cardmoore Trucking Limited Partnership (Cardmoore) arrived to make a delivery at the

ORDER - 1

Advanced Test Reactor Complex (ATR Complex), located at the Idaho National Laboratory (INL) site near Idaho Falls, Idaho. (Dkt. 1 at 2.) The ATR Complex is a high security location which houses a nuclear reactor designed to test nuclear fuels and materials for the United States Navy. (Dkt. 1, 54, 34.) Schuler sustained serious injuries while making the delivery when a security barrier was lowered and crushed his leg.

Schuler's employer, Cardmoore, assigned Schuler as the transport driver for the June 14, 2017 delivery.[1] Cardmoore is a subsidiary of Combined Transport Logistics Group, Inc. (Combined). GE Hitachi Nuclear Energy had contracted with Combined to transport the June 14, 2017 delivery to the ATR Complex. Combined is incorporated in Oregon. Schuler claimed and received worker's compensation benefits in Oregon through Combined after he was injured at the INL site.

Schuler has brought this negligence action against Battelle Energy Alliance, LLC (BEA) who manages and operates the INL and its facilities, including the ATR Complex, as a private contractor for the United States Department of Energy (DOE). BEA employed the security guards involved in the incident resulting in Shuler's injuries. The Amended Complaint raises five negligence claims against BEA: negligence - respondeat superior liability; negligent entrustment; negligent supervision; negligent failure to properly train; and negligent failure to properly maintain and repair. (Dkt. 57.)

On January 14, 2019, BEA filed a motion for summary judgment, arguing it was both a Category 1 and Category 2 statutory employer of Schuler and, therefore, immune

---

[1] The complete series of contracts and relationships between the entities involved in this case are discussed in their entirety in the Court's order on summary judgment, which is incorporated herein. (Dkt. 56.)

ORDER - 2

from third-party liability under Idaho's worker's compensation law. (Dkt. 15.) The parties fully briefed the motion and oral argument was held on May 30, 2019. In its June 12, 2019 Memorandum Decision and Order, the Court rejected both of BEA's statutory employer arguments, and denied the motion for summary judgment. (Dkt. 56.) Following that decision, BEA filed a motion for reconsideration which the Court also denied. (Dkt. 59, 66.) BEA now requests permission to appeal, or, alternatively, for certification of questions to the Idaho Supreme Court. (Dkt. 69.)

## DISCUSSION

**1. Certification for Permissive Appeal**

As a general rule, a party may seek review of a district court's rulings only after the entry of final judgment. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982). Under 28 U.S.C. § 1292(b), however, a district court may certify an order for immediate appeal where: (1) the order involves a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

Interlocutory certification is a narrow exception to be applied sparingly and in exceptional circumstances. *In re Cement*, 673 F.2d at 1026. "The standard to certify a question of law is high and a district court generally should not permit such an appeal where it 'would prolong the litigation rather than advance its resolution.'" *Association of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1087 (E.D. Cal. 2008) (quoting *Syufy Enter. v. Am. Multi–Cinema, Inc.*, 694 F. Supp. 725, 729 (N.D. Cal.

1988)). "In applying these standards, the court must weigh the asserted need for the proposed interlocutory appeal with the policy in the ordinary case of discouraging piecemeal appeals." *Id.* (quoting *In re Heddendorf*, 263 F.2d 887, 889 (1st Cir. 1959)). The party pursuing the interlocutory appeal bears the burden of demonstrating the certification requirements of § 1292(b) are met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

"The decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court." *Villarreal v. Caremark, LLC*, 85 F. Supp.3d 1063, 1067 (D. Ariz. 2015) (*United States v. Tenet Healthcare Corp.*, 2004 WL 3030121, at *1 (C.D. Cal. Dec. 27, 2004) (citing *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995)). "As such, '[e]ven when all three statutory criteria are satisfied, district court judges have 'unfettered discretion' to deny certification.'" *Id.* (quoting *Brizzee v. Fred Meyer Stores, Inc.*, 2008 WL 426510, at *3 (D.Or. Feb. 13, 2008) (quoting *Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp.2d 393, 396 (E.D.N.Y. 2003))). If the district court grants certification, "the court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) (citing 16 Wright, Miller & Cooper § 3929, at 363).

BEA argues all three of the § 1292(b) requirements for interlocutory certification are met. (Dkt. 69.) Schuler opposes BEA's motion, arguing the second requirement -- a substantial ground for difference of opinion -- has not been satisfied. (Dkt. 70.) The Court has reviewed the parties' arguments on this motion as well as the materials filed in relation to the motion for summary judgment, the motion for reconsideration, its prior

ORDER - 4

orders, and the entire record herein. Having done so, the Court finds BEA has not shown there is a substantial ground for difference of opinion or that exceptional circumstances exist in this case that justify interlocutory certification.

BEA maintains a substantial ground for difference of opinion exists because the Court's ruling on the statutory employer question is contradictory to the outcomes, applications, and rationales applied in other Idaho cases, namely: *Bake v. Starr*, 203 P.3d 1246 (Idaho 2009); *Kolar v. Cassia County Idaho*, 127 P.3d 962 (Idaho 2005); *Robison v. Bateman-Hall, Inc.*, 76 P.3d 951 (Idaho 2003); and *Warren v. Staymates, et al.*, Bingham County Case No. CB-2008-591 (attached at Dkt. 18-3, Ex. C). (Dkt. 69, 71.) The Court disagrees.

The Court addressed the Idaho cases cited by BEA in its prior orders when ruling on the issue of whether BEA was a Category 1 or Category 2 statutory employer of Schuler. (Dkt. 56.) In its decision on summary judgment in particular, the Court considered, discussed, and distinguished the facts of this case from those in *Blake*, *Kolar*, and *Robison*; concluding the facts here were "readily distinguishable" from and had "no parallel" to, the facts of those Idaho cases. (Dkt. 56 at 21-26.) The same is true of the *Warren* case.

In *Warren*, the court concluded, as relevant here, that an employee of BEA could not recover in tort from another subcontractor at INL because the DOE was the statutory employer of BEA and the subcontractor and, therefore, DOE's immunity extended to the subcontractor: stating, "since [the employee] could recover worker's compensation from the DOE (if [BEA] had not carried worker's compensation insurance), she cannot recover

ORDER - 5

in tort from the DOE or the DOE's subcontractor…." (Dkt. 18-3 at 15.) Again, the facts in this case are wholly distinct from *Warren*.

Here, there was no employee-employer relationship, either direct or indirect, between Schuler and BEA. The chain of contractual relationships giving rise to Schuler's employment that resulted in his delivery of materials to the ATR Complex on June 14, 2017, was entirely separate and distinct from BEA's contractual relationship with DOE to manage the ATR Complex. (Dkt. 56.) Further, the work being carried out by Schuler – driving the truck transporting and delivering materials to the ATR Complex -- was far removed from BEA's contract with DOE to manage and operate the ATR Complex. (Dkt. 56 at 25) ("BEA was, quite simply, not in the trucking or transportation business."). BEA, therefore, was not a statutory employer of Schuler under either Category I or Category II.

The Court's analysis and ruling on the statutory employer issue is not inconsistent or in conflict with Idaho case law. The facts in this case are simply different from those in the Idaho cases cited by BEA. That those courts reached a different outcome on the statutory employer question based on the facts presented in those cases, does not establish a substantial ground for difference of opinion. Each case is unique and specific to its own set of facts. And, this Court's ruling on the statutory employer issue is particular to the facts of this case. BEA's disagreement with the Court's analysis and resulting decision on the statutory employer issue simply does not create a substantial ground for difference of opinion. *Assoc. of Residents*, 634 F. Supp.2d at 1090-91 (citations and quotations omitted); *see also Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp.3d 949, 958 (N.D.

Cal. 2019) (Arguing that the Court misapplied the existing law to the facts alleged is clearly insufficient to show a substantial ground for difference of opinion.).

Further, the Court finds that BEA's argument seeks to expand Idaho worker's compensation immunity too far. The DOE's potential immunity as a statutory employer does not extend to completely separate and distinct contractual relationships or to encompass all branches of operations at the ATR Complex . (Dkt. 56 at 24-27.) Were BEA correct, anyone who found themselves at the ATR Complex in the course and scope of their employment with an unrelated entity, would be barred from ever raising a third-party negligence claim against BEA. That is not what is intended or provided for under Idaho worker's compensation law.

Just the opposite, Idaho Code § 72-223 expressly *allows* an employee to bring an action in tort for damages against a third party that is not the individual's employer. That is precisely what Schuler has done here. This is a negligence action, not a workers compensation case. Schuler's claims in this case seek tort damages resulting from BEA's negligence. Schuler is not seeking worker's compensation from BEA, nor could he, because BEA was *not* Schuler's employer. Unlike the Idaho cases BEA relies on, there was no employer-employee relationship between BEA and Schuler. The facts of this case are far removed from the facts presented in the Idaho cases. BEA cannot use worker's compensation law to avoid potential liability for its negligence to a third party, i.e., Schuler, with whom BEA had no employment relationship.

For these reasons, the Court finds BEA has failed to show there is a substantial ground for difference of opinion. BEA has, therefore, not established a proper basis for

permissive appeal under 28 U.S.C. § 1292(b) nor demonstrated that exceptional circumstances exist which warrant interlocutory certification. The motion will be denied.

## 2. Certification of Question to the Idaho Supreme Court

Idaho Appellate Rule 12.3 provides that a United States District Court may certify a question of law to the Idaho Supreme Court if two conditions are met: (1) the question certified is a controlling question of law in the pending action as to which there is no controlling precedent in the decisions of the Idaho Supreme Court; and (2) the immediate determination of Idaho law with regard to the certified question would materially advance the orderly resolution of the litigation in the United States Court. Idaho App. R. 12.3(a); *see also White v. Valley County*, No. 1:09-cv-00494-EJL-CWD, 2012 WL 13018504, at *1 (D. Idaho Aug. 10, 2012). Certification is generally beneficial to assure: state law will be applied uniformly and in accordance with the interpretations given by each state's high court; state courts will have the benefit of having the final say on a matter of state law; and the federal courts can avoid the difficult task of attempting to divine how a state court would rule on a matter of state law. *See Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974) (noting that certification "does, of course, in the long run save time, energy, and resources and helps build a cooperative juridical federalism").

"Use of the certification procedure in any given case rests in the sound discretion of the federal court." *Micomonaco v. Washington*, 45 F.3d 316, 322 (9th Cir. 1995). And, "[t]here is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision." *All. for Prop. Rights & Fiscal Responsibility v. City of Idaho Falls*, 742 F.3d 1100, 1108 (9th Cir. 2013) (citing *Thompson v. Paul*, 547

ORDER - 8

F.3d 1055 (9th Cir. 2008)). Consequently, after the district court issues its decision, the movant must demonstrate "particularly compelling reasons" why they should be "allowed a second chance at victory." *Id.* (citing *In re Complaint of McLinn,* 744 F.2d 677, 681 (9th Cir. 1984)).

    Here, BEA seeks to certify three questions to the Idaho Supreme Court:

1.     Is a contractor of a statutory employer that is not a direct upstream contractor of the claimant a "contractor" within the meaning of Idaho Code § 72-102(13)(a), and therefore, entitled to Category 1 statutory employer immunity?

2.     Is an agent of a statutory employer that is not a direct upstream contractor of the claimant an "agent" within the meaning of Idaho Code § 72-209(3), and therefore, entitled to Category 1 statutory immunity?

3.     Is a contractor that is normally equipped with manpower and tools (e.g. tractors, trailers, and qualified drivers) needed to carry out a particular task (e.g. freight transportation), which it would have been capable of performing, and contractually-authorized to perform, but for retention of an independent contractor to perform that task, precluded from claiming Category 2 statutory employer immunity solely because it is not engaged in the particular or specialized industry of the task at issue (e.g. freight transportation)?

(Dkt. 69-1 at 13.) BEA argues these questions are controlling questions of law and that there is no controlling precedent. (Dkt. 69-1 at 13.) Whether BEA is a Category 1 or Category 2 statutory employer are controlling issues in this case. There is, however, controlling precedent in Idaho on those issues.

    The Idaho Supreme Court has "developed significant case law to help give" meaning to the statutory definition of "employer" as used in Idaho Code § 72-223. (Dkt. 56 at 10) (quoting *Robison*, 76 P.3d at 954.) BEA itself acknowledges that the Idaho

ORDER - 9

Supreme Court has a "well-developed body of case law" concerning Category 1 and Category 2 statutory employer status, including the cases cited and relied upon by BEA when moving for summary judgment and again in this motion. (Dkt. 71 at 9) (The Idaho Supreme Court has "decided numerous statutory employer cases, and that there is a well-developed body of law in this area in Idaho.").

On this motion, however, BEA now asserts there is no controlling precedent on the questions sought to be certified, because the Court's "new and novel" analysis of the *Kolar* and *Blake* decisions presents issues of first impression proper for review by the Idaho Supreme Court. (Dkt. 69, 71.) The Court disagrees.

The Court's decision is not a "new" or "novel" application of Idaho law nor does it create an issue of first impression. The Court looked to the established and existing Idaho state law on the statutory employer issue, including the cases cited by BEA, and applied that law to the facts in this case. That the outcome of the case was different from what BEA expected does not give rise to a new or novel issue of first impression, necessitating certification. The outcome in this case is different because the facts here are different. Again, BEA was not the statutory employer of Schuler under either Category I or Category II. BEA had no employment relationship with Schuler, either directly or indirectly. BEA did not hire Schuler to do anything and had no part in the chain of contracts giving rise to Schuler's employment. BEA's contract with DOE to manage and operate the ATR Complex is wholly separate and distinct from the series of contracts resulting in Schuler's employment that brought him to the ATR Complex on June 14, 2017.

In sum, Idaho has well-established controlling precedent on the statutory employer issue which the Court applied to the facts in this case. Certification of a question is not warranted. Further, granting certification at this stage, after the Court has issued its ruling on summary judgment and denied BEA's motion to reconsider, would inappropriately provide BEA a third bite at the apple where no compelling reasons have been shown for doing so. *See Hayden Lake Recreational Water & Sewer Dist. v. Haydenview Cottage, LLC*, No. 2:11-CV-00284-CWD, 2012 WL 13135916, at *3 (D. Idaho Mar. 2, 2012); *All. For Prop. Rights & Fiscal Responsibility*, 742 F.3d at 1108. For all of these reasons, the motion will be denied.

## ORDER

THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Permission to Appeal, or in the Alternative, Motion for Certification of Question to the Idaho Supreme Court (Dkt. 69) is **DENIED**.

DATED: October 18, 2019

Honorable Candy W. Dale
United States Magistrate Judge